UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH PERATA,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 21-cv-02819-TSH<br><br>**ORDER RE: MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. No. 126 |

## I. INTRODUCTION

Pending before the Court is Plaintiff Sarah Perata's Motion to Reopen Discovery under Federal Rule of Civil Procedure ("Rule") 16, or alternatively Rule 6, for the purpose of permitting Defendant City and County of San Francisco the option of taking depositions of four witnesses disclosed by Perata in her supplemental disclosure. ECF No. 126. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Perata's Motion.

## II. BACKGROUND

This action commenced on April 19, 2021. ECF No. 1. According to the Case Management Order dated July 21, 2021, fact discovery was initially set to conclude on March 31, 2022. ECF No. 16. The parties stipulated thereafter to extend fact discovery until April 29, 2022. ECF No. 31. Perata provided supplemental disclosures, including identifying 69 additional witnesses, on either April 28, or April 29, 2022.[1] The Court again extended the fact discovery

---

[1] As in the motion for summary judgment briefings, there is again a discrepancy about when Perata provided her supplemental disclosures. In her Motion to Reopen Discovery, Perata states that she supplemented her disclosure on April 28, 2022. ECF No. 126 at 6. Defendant's counsel attests that Perata served her supplemental disclosures on April 29, 2022, and annexes the

cutoff until May 4, and May 5, 2022 solely for the taking of two depositions. ECF No. 39.

On July 5, 2022, the Court ordered the action held in abeyance pending conclusion of the settlement conference between the Parties. ECF No. 43. The case did not settle, and on December 9, 2022, the Court entered a new Case Management Order, with the deadline to file a dispositive motion set as January 20, 2023. ECF No. 63. Defendant filed a motion for summary judgment on January 20, 2023. ECF No. 64. As part of her opposition to that motion, Perata submitted declarations from 8 of the witnesses named in her supplemental disclosures. ECF Nos. 85-93. Defendant raised evidentiary objections to Perata's use of these witnesses, arguing that the witnesses were not timely disclosed during fact discovery. ECF No. 100 at 2. The Court requested supplemental briefing from the parties and thereafter found that it would consider the declarations of Colleen Kellison and Chris Blair, but would not consider the declarations of Angela Jovel, Anthony Chiacco, Heather Grives, Christine Bartel, Joseph Kellison, and Teresa Cavanaugh. ECF No. 121 at 12. The Court held that, under Rule 26(e), Perata's submission of an additional 69 witnesses on either the day before or the day of the close of fact discovery was not timely, that the record before the Court did not reflect that these particular witnesses had been made known during the discovery process, and that Perata had not met her burden to show substantial justification or harmlessness as to these witnesses. *Id.* at 10-11. In her supplemental briefing on the issue, Perata did not at that time advocate for a specific lesser sanction but did indicate that in the event of exclusion she would move for reconsideration and formally request lesser sanctions. ECF No. 116 at 9-10.

On August 18, 2023, the Court issued an updated Case Management Scheduling Order, setting the Parties' pretrial disclosure exchange deadline as March 20, 2024, the pretrial conference as April 25, 2024, and the trial date as June 3, 2023. ECF No. 124.

On September 18, 2023, Perata filed the present Motion to Reopen Discovery pursuant to Rule 16, or alternatively Rule 6, for the limited purpose of permitting Defendant to take the

---

supplemental disclosure, dated April 29, 2022. Declaration of Matthew Yan ("Yan Decl.") ¶ 6; Ex. D. The Court does not consider a determination between these two dates important to its determination here.

1   depositions of Joseph Kellison, Teresa Cavanaugh, Angela Jovel, and Heather Grives. ECF No.
2   126 at 8-9. Perata represents she would pay for a three-hour deposition for each witness. ECF
3   No. 126 at 7.
4       On October 2, 2023, Defendant filed an Opposition to Perata's Motion to Reopen
5   Discovery. ECF No. 128. On October 11, 2023, Perata filed a Reply. ECF No. 129.

### III. DISCUSSION

Perata's requested relief is that Defendant be given the opportunity to depose four witnesses listed in Perata's supplemental disclosures at Perata's expense. The most difficult question presented by this motion is what exactly this motion is.

Perata says it is a motion under Rule 16 to reopen discovery, but it is a strange motion to reopen discovery because there is no more discovery that Perata wants to take. She says that alternatively, it is a motion under Rule 6(b)(1)(B) to extend the time when an act may or must be done because of excusable neglect. But the deadline Perata wants to extend – the deadline for Defendant to depose these four individuals – does not concern any act that Perata ever wanted to take or wants to take now. What she wants is to give Defendant the opportunity to depose these four witnesses, at her expense, to deprive them of the opportunity to object to their testimony at trial on the ground that they were not adequately disclosed. For its part, Defendant argues that the motion is an improper motion for reconsideration that violates Local Rule 7-9(a) and fails the standards of Local Rule 7-9(b).

Having considered the issue, the Court concludes that Perata has filed a motion for a lesser sanction under Rule 37(c)(1). The Court reaches this conclusion despite Perata's repeated protestations that she is not moving under Rule 37. ECF No. 126 at 10; ECF No. 129 at 2-3.

By way of background, "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence. . . . As the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). This Court concluded on summary judgment that Perata did not comply with Rule 26(e) regarding these four

3

witnesses, and that Perata has not established substantial justification or harmlessness. ECF No. 121 at 10-11. Rule 37(c)(1) states that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The plain text of the Rule 37(c)(1) and the Court's prior findings made clear that this automatic sanction applies to these four witnesses, and that Perata is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."

Rule 37(c)(1) does provide for lesser sanctions than exclusion. However, a "noncompliant party must 'avail himself of the opportunity to seek a lesser sanction' by formally requesting one from the district court." *Merch*, 993 F.3d at 741 (quoting *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018)); Fed. R. Civ. Proc. 37(c)(1) ("In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions . . ."). In her prior supplemental briefing, Perata did not move for lesser sanctions, stating that she would formally request them in the event the Court ordered exclusion. ECF No. 116 at 9-10 ("[S]hould the Court order exclusion, to avoid waiver of her objection, Plaintiff will be forced to move for reconsideration to present a declaration with all of the evidence of disclosure during discovery, and other evidence negating any finding of willfulness and 'formally' requesting lesser sanctions."). "Where a party does not move for a lesser sanction, however, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.'" *Merch.*, 993 F.3d at 741 (quoting Fed. R. Civ. P. 37(c)(1)). While the Court could have considered in its own discretion lesser sanctions in its order on summary judgment, Perata did not previously put forth any arguments indicating what, if any, lesser sanctions might be appropriate, leaving the Court to guess at how the dispute might have been resolved to her satisfaction beyond not granting any sanctions at all. *See Merchant*, 993 F.3d at 741 (holding that the party facing sanctions under Rule 37(c)(1) "bears the burden of showing that a sanction other than exclusion is better suited to the circumstances."); *Vanderberg*, 906 F.3d at 705 (requiring a court to consider lesser sanctions "would collapse the rule's provision of

1   automatic exclusion of undisclosed evidence (except where harmless or substantially justified),

2   with the option of alternative or additional sanctions on a party's motion, into an open-ended

3   approach that is divorced from the text of the rule.").[2]

4         Perata has now filed a motion for a lesser sanction. She asks that Defendant be permitted

5   to depose these four witnesses, each for three hours, and that she be required to pay for that

6   expense. Cost-shifting like this is a sanction. She is asking for this sanction as an alternative to

7   excluding these witnesses from testifying for failure to timely disclose, so she plainly thinks this is

8   a lesser sanction. Thus, despite her insistence that she is not invoking Rule 37, the Court finds that

9   she is moving for a lesser sanction under Rule 37(c)(1) because that is the only way to interpret the

10  relief she is seeking.

11        The Court grants the motion. The prejudice to Defendant from Perata's previous

12  misconduct was two-fold: First, she disclosed these witnesses so late in fact discovery that

13  Defendant had no opportunity to depose them. Second, she buried them in a long list of witnesses,

14  more than could be deposed under the default limit in Rule 30, in an obvious attempt to make it

15  impossible for Defendant to figure out which witnesses it should depose. Her motion undoes both

16  forms of prejudice by addressing these four witnesses only and giving Defendant ample time in

17  advance of trial to depose them.

18        Defendant argues that Perata's requested remedy will prejudice it. Defendant states that

19  the amount of work involved in taking these depositions will exceed the three hours of deposition

20  time because it will have to obtain and review the witnesses' personnel files, re-interview other

21  employees about the allegations described by these four witnesses, and potentially issue

22  subpoenas. But had Perata timely disclosed these witnesses during fact discovery (and not buried

23  them in a long list), Defendant would have had to decide whether it wanted to go through all that

---

[2] Perata cites *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012), for the proposition that in Rule 37(c)(1) analysis a court is to consider "whether the claimed noncompliance involved willfulness, fault, or bad faith, . . . and also to consider the availability of lesser sanctions." ECF No. 126 at 10 (citing *R & R Sails, Inc.* (citation omitted)). The Court notes that this standard applies where the Rule 37(c)(1) sanction "amounted to a dismissal of a claim." *Id.* The Court does not believe that Perata has argued, and the Court has not considered, exclusion of the four witnesses' testimonies to amount to dismissal of any of Perata's claims.

effort and then depose them – or not, and take whatever risks come with that decision. Defendant is merely being put in the same position it would have been in had a proper and timely disclosure been made.[3]

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion. Defendant may depose each of the four witnesses at issue for up to three hours at Perata's expense. For the avoidance of doubt, Perata must pay for up to three hours of defense counsel's time taking each deposition, plus court reporter and videographer fees.

**IT IS SO ORDERED.**

Dated: December 12, 2023

THOMAS S. HIXSON
United States Magistrate Judge

---

[3] Defendant also argues that these four witnesses have no relevant or admissible testimony to provide. The Court declines to reach that issue in ruling on this motion.