UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH PERATA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant. | Case No. 21-cv-02819-TSH<br><br>**ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 157 |

## I.    INTRODUCTION

Pending before the Court is a motion to enforce settlement agreement brought by Defendant City and County of San Francisco ("the City"). ECF No. 157. Plaintiff Sarah Perata filed an Opposition (ECF No. 158) and Defendant filed a Reply (ECF No. 160). The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 8, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion without prejudice to bringing a motion to enforce settlement agreement at a later date.[1]

## II.    BACKGROUND

On February 28, 2024, the parties reached a settlement in principle of all claims in this action. *See* ECF Nos. 139, 141 at 1. The parties executed a settlement agreement and release ("Settlement Agreement") on April 6, 2024. ECF No. 141 at 1. On February 10, 2025, the City submitted a status report stating that all sums owed to Plaintiff pursuant to the Settlement Agreement had been paid and that Defendant was obligated to request dismissal of the action with prejudice. ECF No. 151. The Court ordered Plaintiff to show cause why the case should not be

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 58, 59.

1  dismissed with prejudice based on the Settlement Agreement. ECF No. 152.

2        On February 18, 2025, Plaintiff's counsel, Jordanna Thigpen, filed a declaration in
3  response, averring that under the terms of the settlement agreement, Plaintiff was to receive two
4  separate payments for the full amount of the settlement. First Thigpen Decl. ¶ 2, ECF No. 153.
5  Ms. Thigpen avers that Defendant sent the final payment in December 2024, which included
6  "extensive, never-before-seen, and incomprehensibly coded deductions that dramatically reduced
7  the amount that Defendant actually paid Plaintiff." *Id.* ¶¶ 6, 7. Ms. Thigpen asked Defendant's
8  counsel for more information to understand the deductions that had been taken out of the
9  settlement amount. *Id.* ¶ 8. Ms. Thigpen suggested that someone knowledgeable about the
10 deductions meet with Plaintiff to go over the deductions. *Id.* Defendant's counsel said he would
11 work with the Controller's Office and San Francisco Fire Department ("SFFD") to see if Plaintiff
12 could speak with someone to understand the deductions. *Id.* & Ex. 2 to Thigpen Decl. Plaintiff
13 avers that Plaintiff's online payroll records do not provide any information to explain the
14 deductions that were made and that the City still has not provided this information or made anyone
15 available to meet with Plaintiff to go over the deductions from Plaintiff's settlement funds. *Id.*
16 ¶¶ 11, 12. Plaintiff asked the Court to order Defendant to provide a written explanation of each
17 deduction and to hold an appointment for Plaintiff with the Controller's Office and with the San
18 Francisco Employees' Retirement System ("SFERS") as soon as possible once Defendant has
19 gathered the information to fully and accurately explain the deductions. *Id.* ¶ 14.

20       On February 18, 2025, the Court ordered the parties to meet and confer regarding the
21 issues addressed in Plaintiff's response to order to show cause and file either a request that the
22 matter be placed back on calendar for trial or a referral for a further settlement conference. ECF
23 No. 154.

24       On March 4, 2025, the City submitted a declaration from its counsel, Matthew K. Yan.
25 ECF No. 155. Mr. Yan averred that he met with an HR Analyst for SFFD on March 3 and sent
26 Ms. Thigpen an email with a detailed answer to some of her questions, and explained that he could
27 not obtain answers to her other questions because SFERS does not share information about
28 employee retirement benefits with anyone other than the employee. *Id.* ¶ 5. Mr. Yan stated that

Plaintiff must contact SFERS directly to obtain answers to her remaining questions. *Id.* Mr. Yan averred that the City had met its meet and confer obligations and requested that the Court order Plaintiff to show cause why the matter should not be dismissed with prejudice. *Id.* ¶ 7.

On March 4, 2025, the Court ordered Plaintiff's counsel to provide Defendant's counsel with their availability for a meet and confer regarding the issues raised in ECF Nos. 153 and 155. ECF No. 156. On March 27, 2025, the City filed the instant motion to enforce the Settlement Agreement. ECF No. 157. On April 10, Plaintiff filed an opposition and submitted a second declaration from Ms. Thigpen. ECF Nos. 158, 159. Ms. Thigpen averred that the Controller's Office does not speak to individual employees about their paychecks and refers them to their department payroll agency, and that SFPD's payroll department will not return Plaintiff's calls to answer her questions. Second Thigpen Decl. ¶ 7. SFERS has informed Plaintiff it will not provide a phone or Zoom appointment to Plaintiff because she is not retiring and informed Plaintiff that SFERS cannot answer her questions about Plaintiff's settlement with the City. *Id.* & Ex. 3 to Thigpen Decl. Ms. Thigpen states that Plaintiff's "only remaining issue . . . is to have a half-hour phone or Zoom appointment with the appropriate, knowledgeable personnel from SFERS (or whomever from the Controller's Office or the Fire Department, or otherwise) that was responsible for calculating her service time for retirement in connection with the deductions that were made to the settlement check" in order to provide answers about the rate at which deductions were taken and the credit toward retirement Plaintiff received, given that she was out for a lengthy period of time. Second Thigpen Decl. ¶ 11. Plaintiff "requests a Court Order to compel the City's cooperation in facilitating a half-hour phone or Zoom call with the appropriate personnel." Opp'n at 5.

### III.   DISCUSSION

Based on the parties' filings and declarations, the Court finds that Defendant's motion to enforce the settlement agreement is premature. Plaintiff has a small number of remaining questions about deductions taken from the settlement funds and has apparently been unable to get an audience with the City representatives or agencies that can answer those questions. Defendant previously agreed to attempt to arrange a meeting for Plaintiff to speak with a representative who

3

1  can answer Plaintiff's questions and understand the deductions. Neither party indicates that this
2  meeting has taken place or that Defendant has attempted to get such a meeting on the calendar.
3  The next logical step, before moving to enforce the settlement agreement, is to schedule that
4  meeting.

### IV.   CONCLUSION

For these reasons, Defendant's motion to enforce is **DENIED**. The Court **ORDERS** the parties to schedule a meeting or meetings with the relevant City agency or agencies by May 30, 2025. The Court **ORDERS** Defendant to contact SFERS, SFPD's payroll department, and the Controller's Office to set up a telephone or videoconference meeting or meetings with personnel that can answer Plaintiff's remaining questions.

The parties shall thereafter meet and confer and file a dismissal or joint status report by June 6, 2025.

**IT IS SO ORDERED.**

Dated: April 30, 2025

THOMAS S. HIXSON
United States Magistrate Judge